**\*NOT FOR PUBLICATION\***

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JOHN SACCHI, | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 14-3130(FLW) |
| v. | : | |
| | : | **OPINION** |
| KATHERYN J. LUCIANI, | : | |
| MERIDIAN HEALTH SYSTEMS, INC., | : | |
| MERIDIAN HOSPITALS CORP., | : | |
| MERIDIAN HEALTH, JERSEY SHORE | : | |
| UNIVERSITY MEDICAL CENTER, and | : | |
| CERIDIAN BENEFITS SERVICES, INC. | : | |
| and WELFARE BENEFIT PLAN OF | : | |
| MERIDIAN HEALTH, | : | |
| Defendants. | : | |
|  | : | |

<u>**WOLFSON, United States District Judge**</u>:

Plaintiff John Sacchi ("Plaintiff" or "Sacchi") is the spouse of Stephen J. Simoni ("Simoni"), who is presently involved in a related litigation before this Court ("Related Action"). Plaintiff brings this suit against Meridian Health Systems, Inc., Meridian Hospital Corp., Meridian Health Jersey Shore University Medical Center, Welfare Benefit Plan of Meridian Health and Katheryn J. Luciani (collectively, "Meridian"), as well as Ceridian Benefits Services, Inc. ("Ceridian"), (collectively, "Defendants"),[1]

---

[1]     Plaintiff names defendant Meridian Health Jersey Shore University Medical Center in its capacity as Simoni's employer. In that connection, Meridian Health Systems, Inc. and Meridian Hospital Corp. are corporate parents and affiliates of Simoni's employer. Plaintiff also names Kathryn Luciani as she was Simoni's human resources site manager. Lastly, Plaintiff includes Ceridian as a defendant since Ceridian was responsible for sending COBRA notices on Meridian's behalf.

to recover, *inter alia*, damages for Defendants' failure to send timely notice for coverage under the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), in violation of Section 502(c) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(c).  Plaintiff was never employed by, nor did he ever have health insurance through, Meridian; rather, Plaintiff's claims are based upon Simoni's health insurance coverage when Simoni was employed by Meridian.  In the instant matter, Meridian and Ceridian move separately to dismiss Plaintiff's claims based, in part, on standing.  Because I find that Plaintiff lacks standing to bring suit, Defendants' motions to dismiss are **GRANTED**.

## BACKGROUND

On a motion to dismiss, I take the relevant facts of Plaintiff's Complaint as true and recount them here.  Plaintiff's spouse, Simoni, was employed by Meridian as a nurse until October 18, 2010, at which time his employment was terminated.  *See* First Amended Complaint (FAC), ¶¶ 6, 14.  At the time of his termination, Simoni was enrolled in Meridian's health insurance plan called the Meridian Health Team Member Benefit Plan (the "Plan"),[2] and he was entitled to continued coverage under CBORA.  *Id.* at ¶¶ 9, 11, 15.  Importantly, during his employment, Simoni only elected coverage and participation in the Plan for himself; not for his spouse.  *See Id.* at ¶ 16.  Nevertheless, Plaintiff alleges that Defendants failed to send him and his spouse

---

[2]    In January 2006, Meridian entered into an agreement with Ceridian whereby Ceridian agreed to assist Meridian in carrying out certain of Merdian's obligations under COBRA with respect to the Plan.

timely COBRA notices and the required annual Open-Enrollment Materials. [3]  *Id.* at ¶ 16.  Plaintiff avers that without these notices, Simoni was unable to continue his coverage under the Plan, and to "add [Plaintiff] as his benefits-eligible legal spouse beneficiary." *Id.*

According to Plaintiff, he suffered a stroke in the fall of 2011.  *Id.* at ¶ 19. Having not received any COBRA notice after Simoni's termination, Plaintiff claims that he and Simoni requested COBRA notices, through counsel, from Meridian in December 2011; those requests were allegedly ignored by Meridian.  *Id.* at ¶ 20. Thereafter, Simoni filed a complaint against Defendants in the Related Action.  *Id.* Notably, Simoni did not initially name Sacchi as a plaintiff in that complaint.

In early 2012, Ceridian sent a COBRA notice to Simoni and his eligible dependents, advising Simoni that he was entitled to continuation coverage effective November 10, 2010.  *See Id.* at ¶ 24.  However, Plaintiff alleges that Simoni specifically informed Defendants at that time "that he wanted the annual Open-Enrollment materials in order that he could enroll his benefits-eligible legal spouse Sacchi in the Plan's benefit coverage programs for Plan Years 2011 and 2012 terminating on April 30, 2012."  *Id.* at ¶ 25.  In that regard, Plaintiff alleges, Defendants deliberately withheld the proper enrollment forms so that Simoni could not elect Sacchi as a beneficiary under the Plan.  *Id.* at ¶ 27.  Plaintiff further alleges that, instead, Defendants provided forms for selecting single coverage for Simoni

---

[3]      When an employee is terminated, a COBRA notice form must be sent within forty-four days of termination.  *See* 29 U.S.C. § 1166(b).

only. *Id.*  In May 2012, after Plaintiff and Simoni purportedly sent a deficiency notice, Ceridian sent Simoni's counsel open enrollment forms so that Simoni could choose to elect coverage for Sacchi.  *See* Compl., Ex. F.  However, those forms were never completed and returned to Defendants.

In the Related Action, Simoni, asserting the same allegations here, unsuccessfully moved to add Sacchi as a plaintiff.  The Magistrate Judge found that Sacchi did not have standing to bring suit against Defendants under the relevant ERISA provisions.  This Court affirmed the Magistrate Judge's findings in that regard.  In so holding, this Court rejected Simoni's argument that Sacchi had "but for" standing under ERISA.  Approximately two months after the Court's decision, Sacchi filed the instant action in state court, which was removed by Defendants based on ERISA preemption.  In the Amended Complaint, Plaintiff asserts the following causes of action: 1) breach of contract; 2) violation of ethical duties on the part of defendant Luciani; 3) violation of COBRA for deliberate refusal to provide statutory notices; 4) ERISA benefit claim under section 502(a)(1)(B); 5) breach of fiduciary duties under ERISA section 404; 6) breach of co-fiduciary liability under ERISA section 405.

In the instant motions, Defendants raise the issue of standing as a basis to dismiss Sacchi's Amended Complaint.[4]

---

[4]    Defendants argue that Plaintiff's claims should be barred by *res judicata* because this Court has already determined in the Related Action that Sacchi does not have standing to bring suit.  However, I am not persuaded that *res judicata* applies in this case because the Related Action did not involve the same parties, and more importantly, my decision in the Related Action was made in the context of reviewing

DISCUSSION

## I.    Standard of Review

When reviewing a motion to dismiss on the pleadings, courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (citation and quotations omitted). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court clarified the Rule 12(b)(6) standard: the factual allegations set forth in a complaint "must be enough to raise a right to relief above the speculative level." *Id.* at 555. As the Third Circuit has stated, "[t]he Supreme Court's *Twombly* formulation of the pleading standard can be summed up thus: 'stating ... [a] claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage, 'but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 127 U.S. at 1964); *see Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) ("[A] claimant does not have to set out in detail the facts upon which he bases his claim. The pleading

---

the Magistrate Judge's findings and the applicable standard of review attendant thereto; I did not determine the standing issue in the first instance.  In that regard, I do not find that such a determination meets the "final judgment on the merits" requirement of *res judicata*.  Nevertheless, for the reasons outlined, *infra*, I find, here, that Plaintiff lacks standing to bring suit.

standard is not akin to a probability requirement; to survive a motion to dismiss, a complaint merely has to state a plausible claim for relief." (citations omitted)).

In affirming that *Twombly*'s standards apply to all motions to dismiss, the Supreme Court explained several principles. First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. Therefore, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* Ultimately, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). However, "a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings ... [although a] limited exception exists for documents that are integral to or explicitly relied upon in the complaint." *W. Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 97 n.6 (3d Cir. 2010) cert. denied, 132 S. Ct. 98 (2011) (citation and internal quotation marks omitted).

The Third Circuit has reiterated that "judging the sufficiency of a pleading is a context-dependent exercise" and "[s]ome claims require more factual explication than others to state a plausible claim for relief." *Id.* at 98. That said, the Rule 8 pleading standard is applied "with the same level of rigor in all civil actions." *Id.* (quoting *Iqbal*, 556 U.S. at 684).

## II.    ERISA Standing

"To bring a civil action under ERISA, a plaintiff must have constitutional, prudential, and statutory standing." *Leuthner v. Blue Cross & Blue Shield of Ne. Pa.*, 454 F.3d 120, 125 (3d Cir. 2006); *Miller v. Rite Aid Corp.*, 334 F.3d 335, 340 (3d Cir. 2003); *Baldwin v. Univ. of Pittsburgh Med. Ctr.*, 636 F.3d 69, 74 (3d Cir. 2011).  To ensure that the latter two forms of standing are satisfied in an ERISA case, a court must assure itself that the plaintiff's grievance "arguably fall[s] within the zone of interests protected or regulated by the statutory provision or constitutional guarantee invoked in the suit.'" *Miller*, 334 F.3d at 340 & n.1 (quoting *Bennett  v. Spear*, 520 U.S. 154, 162 (1997)); *Leuthner*, 454 F.3d at 126 (explaining that "ERISA's statutory standing requirements are a codification of the 'zone of interest' analysis" typically used to determine prudential standing).

Under ERISA § 502(a)(1) and (3), a civil action may only be brought:

(1) by a participant or beneficiary ... (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan....

(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. § 1132(a)(1), (a)(3). The terms "participant" and "beneficiary" are defined in ERISA Section 3(7)-(8):

(7) The term "participant" means any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit.

7

> (8) The term "beneficiary" means a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder.

29 U.S.C. § 1002(7)-(8).  Based on the statutory language, it is beyond dispute that 29 U.S.C. § 1132(a), entitles only "a participant or beneficiary" to institute a civil action for benefits against a plan administrator. *Baldwin*, 636 F.3d at 75. Therefore, in the context of ERISA claims for benefits, the "zone of interests" inquiry "is inexorably tied to the question of whether a plaintiff can meet the definitions of either a participant or beneficiary." *Miller*, 334 F.3d at 340-41.

Here, I find that Plaintiff lacks standing under ERISA to pursue his claims, because Plaintiff has not alleged -- and indeed, cannot allege -- that he is a participant or beneficiary under the Plan.  First, there are no allegations in the FAC that suggest that Simoni elected Plaintiff as a beneficiary under the Plan at any time.  Indeed, even after Ceridian sent Simoni, in May 2012, open enrollment forms, there are no allegations that Simoni elected Plaintiff as a beneficiary at that time.   Thus, Plaintiff's purported standing in this case is not based on his status resulting from Simoni electing Plaintiff as a beneficiary under the Plan.  Rather, Plaintiff argues that ERISA confers standing in his circumstances because he was "eligible to join the Plan," and but for Defendants' wrongful conduct, he would have been designated as a beneficiary by Simoni.  The Court rejects this novel, but meritless, theory of standing.[5]

---

[5]     While *res judicata* does not apply, I note that this is not the first instance where I have dealt with Plaintiff's argument in this context.  In fact, the very arguments

Moreover, Plaintiff does not allege, nor can he, that he was a participant under the Plan.  Plaintiff's position rests entirely upon his status as an ***eligible*** dependent, which would qualify as a beneficiary if so designated under the Plan.  Significantly, however, Plaintiff was never designated by Simoni as a beneficiary.  According to the plain meaning of the statute, Plaintiff does not have beneficiary standing to sue.  *See* 29 U.S.C. § 1002(8)("[t]he term 'beneficiary' means a person designated by a participant, or by the terms of an employee benefit plan . . . .").

Nonetheless, Plaintiff insists that this case falls squarely within the exception to ERISA standing announced by the Third Circuit in *Bixler v. Central Penn. Teamsters Health & Welfare Fund*, 12 F.3d 1292 (3d Cir. 1993).  But, that case is clearly distinguishable.  *Bixler* involved a widow, Mrs. Bixler, of an ERISA plan participant who brought suit against the plan administrator for breach of fiduciary duty.  At time of the suit, Mrs. Bixler, who had been designated as a beneficiary under her deceased husband's insurance plan, was no longer a named beneficiary due to lapse in coverage. The Third Circuit nevertheless found that Mrs. Bixler had standing to bring suit because the plan administrator failed to provide her with complete and accurate information to which she was entitled under ERISA after she directly requested the information.  *Id.* at 1301.  The court reasoned that it would be unjust to deprive Mrs. Bixler of standing to sue based on the administrator's conduct.  *Id.* at 1296.  In that connection, the circuit court recognized a narrow exception to the

---

made by Plaintiff here were resolved by this Court when I found that Sacchi did not have standing to bring ERISA claims in the Related Action.

ERISA statutory standing requirements of § 502(a)(1) and (3) in cases where a plaintiff can plead both 1) that he was a plan beneficiary; and 2) that he would still be a beneficiary but for the alleged wrongdoing of the plan administrator.

Here, the facts are decidedly different. Most importantly, in *Bixler*, Mrs. Bixler had been designated as a beneficiary of Mr. Bixler's coverage under his medical, disability, and life insurance plans during Mr. Bixler's period of employment and before Mr. Bixler's coverage lapsed. *Id.* at 1294. The plan administrator's alleged failure to accurately respond to Mrs. Bixler's inquiries, which included the administrator's failure to inform Mrs. Bixler of her rights to extended coverage under COBRA, deprived her of the opportunity to extend coverage she had previously enjoyed, rather than merely depriving her of the opportunity to elect new coverage. The problem identified by the circuit court was that Mrs. Bixler could not remain a beneficiary, not that she never had the chance to become one. In this case, however, Plaintiff has only pled that he *would have been* a beneficiary but for the alleged wrongdoing of Defendants. Put differently, Plaintiff complains that Simoni would have named Sacchi as a beneficiary if Simoni had received timely COBRA notice from Meridian. Fatal to Plaintiff's position is that, unlike Mrs. Bixler, Plaintiff was never -- at any time – made a beneficiary under the Plan. Indeed, there are no allegations that Plaintiff chose to elect coverage for Sacchi at the time he was employed by Meridian. And, there are no allegations that Simoni designated Sacchi as a beneficiary when he received belated COBRA notice and the open enrollment forms

10

from Defendants. Therefore, because Plaintiff was never made a beneficiary, he does not have standing under *Bixler*.

Finally, other than *Bixler*, Plaintiff also refers the Court to additional authorities that he claims support his standing theory. However, none of those cases stand for the remarkable position that one has standing to sue as a beneficiary under ERISA merely because he "would have been" designated as a beneficiary. For example, while Plaintiff spends a great deal of time discussing the Second Circuit's decision of *Blatt v. Marshall & Lassman*, 812 F.2d 810 (2d Cir. 1978), standing was not an issue in *Blatt.* The plaintiff in that case was a participant in his firm's employee benefit plan. Similarly, the Third Circuit's decision in *Confer v. Custom Eng'g Co.*, 952 F.2d 34 (3d Cir. 1991), also did not address any issue related to standing.

Distilled to its essence, Plaintiff's position is that standing should exist because Plaintiff's spouse had "intended" to designate Plaintiff as a beneficiary. However, without any allegations to contrary, it is entirely speculative that Simoni would have ever elected COBRA coverage for Sacchi, given that he was provided the opportunity to do so, yet he did not so act. To conclude, I find Plaintiff's theory of standing is made of whole cloth; ERISA simply does not permit any person to sue because he/she could be an eligible beneficiary – without having been so designated by the plan participant in the first instance.

Since Plaintiff has no standing to bring suit, he is precluded from bringing any of his claims asserted in the FAC. Accordingly, Defendants' motions to dismiss are **GRANTED**.

Dated: February 18, 2015                   <u>/s/ Freda L. Wolfson</u>

                                                Hon. Freda L. Wolfson

                                                United States District Judge